Hearing:                                          Paper No. 020
April 22, 1998                                    EWH/cv
THIS DIPOSITION IS
CITABLE AS PRECEDENT OF THE TTAB
APRIL 15, 99

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____


Trademark Trial and Appeal Board
_____

In re Elvis Presley Enterprises, Inc.
_____

Serial No. 74/454,035
_____

W. M. Webner of Sughrue, Mion, Zinn, Macpeak and Seas for
Elvis Presley Enterprises, Inc.

Esther Belenker, Trademark Examining Attorney, Law Office
103 (Kathy Erskine, Managing Attorney).
_____

Before Cissel, Hanak and Hohein, Administrative Trademark
Judges.

Opinion by Hanak, Administrative Trademark Judge:


Elvis Presley Enterprises, Inc. (applicant) seeks to

register as a trademark for cotton fabric "the likeness and

image of Elvis Presley."  To be clear, applicant's alleged

mark is not a word mark.  Rather, applicant seeks to register the likeness and image of Elvis Presley in all possible manners of presentation without limitation as to age, manner of dress or pose.  (Applicant's brief page 8). On the drawing page of the application, there appears simply the following:  "the likeness and image of Elvis Presley."

The intent-to-use application was filed on November 3, 1993.  On January 22, 1996 applicant submitted an amendment to allege use of its mark as of December 1993 along with various specimens purporting to show such use.

The Examining Attorney has refused registration based on applicant's failure to comply with her requirement that applicant submit an acceptable drawing of its mark.  In her "final" action refusing registration, the Examining Attorney articulated the drawing requirement as follows:

> The applicant must amend the drawing to show a substantially exact representation of the mark as intended to be used on or in connection with the goods specified in the application.

She went on to note that "an applicant may apply to register only one mark in each application" and that, by means of its current "drawing," applicant "… has [impermissibly] attempted to claim numerous marks in one application."

2

She further explained her position in her reply to the applicant's request for reconsideration of her "final" action. There, she stated that

> … the applicant has attempted to register a concept, the idea or aura of Elvis Presley. The Trademark Act does not provide for registration of an idea. … The words listed in the drawing describe a concept or idea about Elvis Presley, but they do not show a trademark.

In her brief at pages 6-7, the Examining Attorney explained further that, without a "drawing [conveying] an accurate representation of the mark sought to be registered," members of the public and examining attorneys will be unable to ascertain what mark(s) applicant claims rights in, or obtains rights in.

Trademark Rule 2.51(a) requires that a trademark application have a drawing which "shall be a substantially exact representation of the mark" as used on or in connection with the goods (use based applications) or to be used on or in connection with the goods (intent-to-use applications). Trademark Rule 2.51(c) states that "the drawing of a mark may be dispensed with in the case of a mark not capable of representation by a drawing, but in any such case the application must contain an adequate description of the mark."

It is the contention of the Examining Attorney that the exception found in Trademark Rule 2.51(c) applies only to sound and scent marks.  (Examining Attorney's brief page 7).  On the other hand, applicant contends that "it is a certainty that every [possible] pose of Elvis Presley cannot be drawn for one application.  Therefore, the 'incapable' requirement of Rule 2.51(c) is met." (Applicant's brief page 8).

We certainly share the view of applicant that every possible pose of Elvis Presley cannot be shown in one drawing.  However, even assuming that the incapability requirement of Trademark Rule 2.51(c) is met in this particular case, "the application must [still] contain an adequate description of <u>the mark</u>."  In other words, all trademark applications must contain either (1) a "drawing of the trademark [which] shall be a substantially exact representation of <u>the mark</u>," or (2) "an adequate description of <u>the mark</u>."  As the Examining Attorney has argued, in a single trademark application an applicant may not attempt to register two or more marks.  <u>In re Audi</u>, 197 USPQ 649, 651 (TTAB 1977).

It is the contention of applicant that it is seeking to register but one mark, namely, the likeness and image of Elvis Presley.  Of course, applicant concedes that there

are vast numbers of different "poses" of Elvis Presley. However, it is applicant's contention that all of these vast numbers of poses of Elvis Presley nevertheless function as a single trademark, as articulated by applicant in the following passage from pages eight and nine of its brief (emphasis added):

> It is the miracle of human comprehension that people can perceive many poses of Elvis Presley; the "young Elvis" as he looked in the 1950's, the "older Elvis" as he looked in the 1970's, or Elvis Presley dressed in his famous jump suit stage attire of the '70's or the charcoal and pink suits of the 1950's and know that it is but one singular person – not many. It does not make a difference if the pose is of the "gyrating pelvis" Elvis Presley or of him holding the microphone close to his mouth in a ballad singing manner. <u>However dressed, however posed and at whatever age he is portrayed</u> there is no doubt but that the likeness and image is of Elvis Presley and of no other person. <u>Each and all of these poses of Elvis Presley</u>, when used by [applicant] on its products or in connection with its services, serve as [applicant's] trademark.

We disagree. The likeness and image of an infant Elvis Presley, if it functions as a trademark or service mark at all, is vastly different from the likeness and image of Elvis Presley in 1958, not to mention 1977. Likewise, the likeness and image of Elvis Presley dressed in an Army uniform with short hair is clearly different from that of Elvis Presley in jump suit stage attire with long hair and wide sideburns. Were applicant to obtain a

5

registration covering every likeness and image of Elvis Presley from his birth until his death, then applicant would be in the position to prevent others from using or registering the <u>specific</u> images of other individuals (real or fictional) which resemble <u>one</u> of the thousands, if not millions, of vastly different photographs, film frames or video frames depicting Elvis Presley. This would be true even for a particular photograph, film frame or video frame which, while constituting an actual picture of Elvis Presley, nevertheless has very little resemblance to Mr. Presley. We are all quite aware of pictures of ourselves or others that, for whatever reasons, are simply not accurate depictions of ourselves or others.

In case this Board may appear to be overreacting, we are attaching hereto photocopies of the eight (8) different photographs which applicant submitted as specimens of use. These eight photographs contain literally dozens of different depictions of Elvis Presley at different ages and in different types of apparel. These pictures are worth a thousand words in conveying just how different Mr. Presley, like any other individual, varied in his appearance from his late teens to his early forties. Of course, as previously noted, these variances would be even greater if

we were to take into account depictions of Mr. Presley as an infant or as a child, as applicant would have us do.

This is not the first time that an attempt has been made to claim that the likeness and image of Elvis Presley in general serves as a mark. Such an attempt was rejected in the past, and we, like the Examining Attorney, reject it now. See Estate of Elvis Presley v. Russen, 513 F.Supp. 1339, 211 USPQ 415, 439 (D.N.J. 1981)("The plaintiff asserts that the likeness and image of Elvis Presley serves as a service mark; however, the evidence does not support such a broad proposition. Rather, the record only supports a conclusion that a picture or illustration of Elvis Presley dressed in one of his characteristic jumpsuits and holding a microphone in a singing pose is likely to be found to function as a service mark. This particular image (hereinafter referred to as the 'Elvis Pose') has appeared in promotional and advertising material for concerts and on record albums.") (emphasis added).

The holding of Estate of Elvis Presley v. Russen was endorsed by the United States Court of Appeals for the Second Circuit in Pirone v. MacMillan, 894 F.2d 579, 13 USPQ2d 1799 (2d Cir. 1990). The Court had the following to say with regard to an attempt to claim trademark rights in

all likenesses and images of a particular individual (13

USPQ2d at 1801, emphasis added):

> Different photographs of the same
> person may be markedly dissimilar.
> Thus a photograph of a human being,
> unlike a portrait of a fanciful cartoon
> character, is not inherently
> "distinctive" in the trademark sense of
> tending to indicate origin. …  Under
> some circumstances, a photograph of a
> person may be a valid trademark – if,
> for example, a particular photograph
> was consistently used on specific
> goods.  [Plaintiff], however, asserts
> rights in every photograph of [Babe]
> Ruth.
>
> This sweeping contention resembles that
> rejected in Estate of Elvis Presley v.
> Russen, 513 F.Supp. 1339 (D.N.J. 1981).
> The estate of the entertainer Elvis
> Presley argued that his "image and
> likeness" was a valid mark.   The
> District of New Jersey rejected the
> claim as too broad. …  However, the
> [district] court went on to note that a
> particular image of Presley could be a
> valid mark. …

Decision:  The refusal to register is affirmed.


                              R. F. Cissel



                              E. W. Hanak



                              G. D. Hohein
                              Administrative Trademark Judges,
                              Trademark Trial and Appeal Board